# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 613
### BRADEN v. LAMOTTE
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5039. Decided May 16, 1924
**118. AUTOMOBILES—12603 GC. held to limit the speed and not the manner of operation.**

MIDDLETON, P. J.          Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action for personal injuries and for damage to an automobile brought by Elizabeth LaMotte against Helen Braden. The defendant's car collided with the plaintiff's car. The acts of negligence complained of in the petition filed by LaMotté was driving an automobile without chains and in attempting to pass another automobile going in the some direction at a careless and negligent rate of speed.

The court instructed the jury as follows: "Now, it is the law of Ohio that any person operating a motor vehicle upon the streets or highways shall operate it in such a manner as is reasonable and proper, having regard for the width, traffic, use and the general and usual rules of the road, and in such manner as not to endanger the property, life or limb of any person." A verdict was rendered for LaMotte, whereupon defendant prosecuted error. In reversing the judgment of the lower court, the Court of Appeals held:

1. As the statute 12603 GC. does not in any way refer to the manner of operating the machine other than in respect to the speed at which it may be driven, the court committed error in making the statute apply to the manner of operating machines and not to the speed of the car.

Attorneys—Dustin, McKeehan, Merrick, Arter & Stewart, for Braden; Holding, Masten, Duncan & Leckie, for LaMotte.

---

No. 614
### FRANKEL v. CLEVELAND BAKERIES CO.
Ohio Appeals, 8th Dist., Cuyahoga county
No. 5165. Decided June 9, 1924
**114. ATTORNEY AND CLIENT—1. Compensation of corporation, held limited to service not part of official duties.**
**2. Services as corporate officer held not compensatable as attorney.**

ROBERTS, J.          Epitomized Opinion
Published Only in Ohio Law Abstract

Frankel & Frankel, a Cleveland law firm, brought an action on account for attorney fees and services rendered on behalf of defendant. Plaintiffs claimed that there was a balance due it of $2,542.99. The evidence disclosed that plaintiffs were officers of the defendant corporation; that they had taken part in the promotion, development and supervision of the Company. The Company claimed that these services were performed for the defendant as officials thereof, and not as attorneys, and there had been no contract for compensation as officials, and they were not entitled to pay. The jury returned a verdict for defendants, whereupon plaintiffs prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. As the general charge of the court was correct, and as the jury clearly understood throughout the trial that the plaintiffs could recover only for services as attorneys and not for services rendered simply as directors or officers, the mere fact that one erroneous special request was given did not mislead the jury to such an extent as to constitute prejudicial error.

2. In view of the fact that the evidence disclosed that most of the services rendered were not services ordinarily performed by attorneys, but were matters within the scope of the duties of the officers of the Company, it cannot be said that the verdict and judgment of the lower court was manifestly against the weight of the evidence.

Attorneys—Morris Berrick, for Frankel; White, Cannon & Spieth, for Bakeries Co.; all of Cleveland.